## MORAN v. MANSUR.

A judgment for the plaintiff in an action of trespass *quare clausum fregit*, rendered upon a plea of soil and freehold in the defendant, is conclusive of the title in a writ of entry for the same land afterwards brought by the former defendant against the former plaintiff

WRIT OF ENTRY for land in Concord. The defendant pleaded a judgment rendered in his favor in an action of trespass brought by him against the plaintiff for breaking and entering the demanded premises, and there pulling down a building, whereto this plaintiff pleaded soil and freehold in himself. To this plea the plaintiff demurred.

*A. F. L. Norris*, for the plaintiff, cited *Morton* v. *Dresser*, 108 Mass. 71; *Smith* v. *Royston*, 8 M. & W. 381; *Richards* v. *Peake*, 2 B. & C. 918; 2 Gr. Ev., s. 626; *Beckwith* v. *Thompson*, 18 W. Va. 103; *Dunckle* v. *Wiles*, 5 Den. 296; *King* v. *Dunn*, 21 Wend. 253; *Rich* v. *Rich*, 16 Wend. 663; *Stevens* v. *Whistler*, 11 East 51; *Palmer* v. *Russell*, 43 N. H. 625; *Eastman* v. *Cooper*, 15 Pick. 276; 1 Gr. Ev., s. 532; *Arnold* v. *Arnold*, 17 Pick. 14; *Johnson* v. *Morse*, 11 Allen 540; *White* v. *Chase*, 128 Mass. 158.

*Chase & Streeter*, for the defendant, cited *Dame* v. *Wingate*, 12 N. H. 291; *King* v. *Chase*, 15 N. H. 9; *Chamberlain* v. *Carlisle*, 26 N. H. 540; *Sanderson* v. *Peabody*, 58 N. H. 116; *Morgan* v. *Burr*, 58 N. H. 470, 471; *Forist* v. *Bellows*, 59 N. H. 229, 230; *Tibbetts* v. *Shapleigh*, ib., 319; *Eastman* v. *Clark*, *ante* 31; *Metcalf* v. *Gilmore*, *ante* 174.

BLODGETT, J. The parties are adjoining land-owners. The controversy between them in point of fact is as to the divisional line between their lots. But it appears from the facts stated in the case that the identical matter in issue was determined and adjudicated in the former action of trespass *quare clausum* between the same parties, and hence the judgment in that proceeding is a bar in this, the difference in the form of action being immaterial. Then, as now, the location of the divisional line was, aside from the incidental one of damages, the only question in controversy, and therefore the plaintiff cannot now object to a judgment upon the merits, which was rendered upon an issue that he then voluntarily presented by his pleadings, and upon which he was fully heard. Having elected to put his defence in that suit upon a claim of ownership and title up to a certain specified line, by the judgment therein against him, he became estopped to contest the same matter again.

*Judgment for the defendant.*

SMITH and BINGHAM, JJ., did not sit: the others concurred.